UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

HOUSTON CASUALTY COMPANY,

                Plaintiff,

        v.

ACCREDITED SURETY AND CASUALTY
COMPANY,

                Defendant.

----------------------------------------------------------------------x

Civil Case No.: CV-19-5446

**COMPLAINT FOR
DECLARATORY
JUDGMENT WITH
JURY DEMAND**

Plaintiff, HOUSTON CASUALTY COMPANY ("HCC"), by and through its attorneys, LONDON FISCHER LLP, alleges the following as its Complaint for Declaratory Judgment against Defendant, ACCREDITED SURETY AND CASUALTY COMPANY ("ACCREDITED"):

## NATURE OF ACTION

1.    This is an action for declaratory relief and contribution arising from breach of ACCREDITED's obligations to provide certain entities additional insured coverage under a general liability policy issued to Concrete Course Concepts Corp. ("Concrete"), a subcontractor retained to perform construction work at 843 Tilden Street, Bronx, New York ("Premises").

2.    In this action, Plaintiff, HCC seeks a declaration that Defendant, ACCREDITED is obligated to defend and to indemnify ACCREDITED's additional insureds, Mega Contracting Group, LLC ("Mega") and AG Habitat Tilden Street LLC ("AG"), in connection with an alleged accident and resulting underlying action filed by Weverton Ferreira ("Ferreira"), and to reimburse HCC for past defense costs incurred in the Underlying Action on behalf of Mega and AG.

{N1483069.1 }

1

3.     AG entered into a written agreement with Mega to perform general contractor services at the Premises and, in turn, Mega entered into a written subcontract agreement with Concrete dated March 1, 2018 to perform work at the Premises ("Subcontract").

4.     HCC issued Commercial General Liability Policy H17PC30917-00 to Mega for the policy period of December 28, 2017 to December 28, 2022. ("HCC Policy")

5.     ACCREDITED issued Commercial General Liability Policy 1-TPM-NY-17-01234908, to its Named Insured, Concrete, for the policy period of May 24, 2018 to May 24, 2019. ("ACCREDITED Policy")

6.     HCC is providing a defense to Mega and AG for a personal injury lawsuit entitled, *Weverton Ferreira v Mega Contracting Group, LLC and AG Habitat Tilden Street LLC* which was commenced in Supreme Court, Bronx County; Index No. 30842/18 ("Underlying Action").

7.     The ACCREDITED Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

8.     By endorsements, Mega and AG qualify as Additional Insureds under the ACCREDITED Policy on a primary and non-contributory basis.

9.     In breach of the ACCREDITED Policy, ACCREDITED has failed to defend and indemnify Mega and AG for the Underlying Action.

10.    HCC is entitled to (a) a judgment declaring that ACCREDITED is obligated to defend Mega and AG for the Underlying Action on a primary and non-contributory basis, (b) a judgment declaring that ACCREDITED is obligated to indemnify Mega and AG on a primary and non-contributory basis, for liability incurred in the Underlying Action, (c) contribution from ACCREDITED for defense costs incurred by HCC on behalf of Mega and AG for the

Underlying Action and (d) pre-judgment interest from the date of ACCREDITED's breach and accruing at nine-percent per year.

## THE PARTIES

11.    HCC is an insurance company organized in the State of Texas with its principal place of business in Texas.  HCC is authorized to sell or write insurance in New York and, at all material times, has conducted and continued to conduct substantial business in the state of New York.  The HCC Policy was issued to Mega in New York.

12.    At all times material hereto, ACCREDITED was and is a foreign corporation with its principal place of business in Orlando, Florida, and is licensed and authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

## JURISDICTION AND VENUE

13.    Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy exceeds the sum of $75,000. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

14.    Personal jurisdiction over ACCREDITED is proper as it conducts business in the State of New York.

15.    Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

16.    HCC seeks a declaratory judgment concerning ACCREDITED's coverage obligations with respect to the Underlying Action pending in New York State Supreme Court, Bronx County.  *See* **Verified Complaint, Ex. A.**

17.    Weverton Ferreira ("Ferreira") alleges that he was injured at the Premises in the course of his employment with Concrete on July 23, 2018. *See* **Ex. A,** ¶¶ 9-10.

18.    Ferreira alleges he was struck by a falling object while performing labor law protected work, resulting in injury. *See* **Ex. A,** ¶ 10.

19.    Ferreira further alleges that he was injured due to negligence and the failure to provide adequate and proper protection at the Premises. *See* **Ex. A,** ¶11.

20.    Pursuant to the written Subcontract, dated March 1, 2018 and executed prior to the circumstances alleged in the Underlying Action, Concrete was obligated to purchase general liability insurance providing additional insured coverage for Mega and AG.  *See* **Subcontract Agreement, Ex. B, Article 35 at pp. 16-17.**

21.    The Subcontract was in effect at all times relevant to the Underlying Action.

22.    The Subcontract states in pertinent part that:

Subcontractor shall, without in any way altering Subcontractor's liability under this Agreement or applicable law, obtain, pay for and maintain insurance for the coverages and amounts of coverage not less than those set forth below in the Schedule of Insurance Coverages

\*          \*          \*

1)    **Commercial General Liability (CGL)** coverage with limits of Insurance of not  less than $1,000,000 each occurrence and $2,000,000 Annual Aggregate.

\*          \*          \*

c)    Contractor, Owner, Indemnitees and all other parties who General Contractor is required to name as additional insureds by this subcontract and the General Contract, shall be included as insureds on the CGL, using ISO Additional Insured Endorsement CG 20 10 (11 85) or a combination of CG 20 10 (10 01) & CG 20 37 (10 01), or an endorsement providing equivalent or broader coverage to the additional insureds. The coverage provided to the additional insureds under the policy issued to the Subcontractor shall be at least as broad as the coverage provided to the Subcontractor under the policy. Coverage for the additional insureds shall apply as primary and non-contributing insurance before any other insurance

or self-insurance, including any deductible, maintained by, or provided to, the additional insureds.

23.     The Subcontract contains EXHIBIT A – INDEMNITEES AND ADDITIONAL INSURED which lists the Premises and provides as follows:

### List of Indemnitees and Additional Insured

General Contractor
Mega Contracting Group LLC

Owner
Habitat for Humanity Almat Tilden Street Housing Development Fund Corporation AG
Habitat Tilden Street LLC

*See* **Ex. C**

## THE POLICIES

24.     Concrete is the Named Insured designated in the ACCREDITED Policy.

25.     The ACCREDITED Policy contains the following endorsement:

## ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| As Required by Written Contract executed prior to any claim or "suit." | As Required by Written Contract executed prior to any claim or "suit." |

| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |
|---|

A.     **Section H - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1.    Your acts or omissions; or

2.    The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

26.    The ACCREDITED Policy issued to Concrete also contains the following endorsement:

**ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - AUTOMATIC STATUS FOR OTHER PARTIES WHEN REQUIRED IN WRITTEN CONSTRUCTION AGREEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Section H - Who Is An Insured** is amended to include as an additional insured:

1.    Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and

2.    Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph **1.** above.

Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

a.    Your acts or omissions; or

b.    The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

27.    Concrete agreed in writing that Mega and AG would be added as additional insureds on the ACCREDITED Policy and that such additional insured coverage would be on a primary and non-contributory basis.

28.    Ferreira alleges that he was injured at the Premises identified in the Subcontract during the course of his employment with Concrete.

29.    Notice of loss and of the Underlying Action was tendered by HCC to ACCREDITED by written correspondence on October 23, 2018.

30.    HCC followed for the status of the tender multiple times, including on November 29, 2018, December 19, 2018, January 4, 2019, January 8, 2019, February 5, 2019, March 5, 2019 and March 13, 2019.

31.    Despite the fact that over seven months have passed and HCC has requested ACCREDITED's acceptance of the tender on behalf of Mega and AG, ACCREDITED has never responded and provided any coverage position whatsoever, nor has it ever reserved any rights.

32.    As a matter of law, ACCREDITED has waived all coverage defenses and is estopped from raising any coverage defenses.

33.    The ACCREDITED Policy contains a Primary and Noncontributory - Other Insurance Condition endorsement which makes the additional insured coverage for Mega and AG primary and non-contributory.

34.    Also, under the Subcontract, the coverage afforded by the ACCREDITED Policy is primary and non-contributory.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment - Additional Insured Status of Mega and AG)

35.    HCC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "34" inclusive, with the same force and effect as if set forth herein.

36.     Mega and AG are additional insureds under the ACCREDITED Policy and are entitled to additional insured coverage under the ACCREDITED Policy for the Underlying Action.

37.     ACCREDITED breached its obligations under the ACCREDITED Policy by failing to acknowledge that Mega and AG are additional insureds under the ACCREDITED Policy and are entitled to additional insured coverage for the Underlying Action.

38.     HCC timely demanded that ACCREDITED acknowledge Mega and AG as additional insureds under the ACCREDITED Policy and are entitled to additional insured coverage for the Underlying Action.

39.     ACCREDITED has not acknowledged that Mega and AG are additional insureds under the ACCREDITED Policy and are entitled to additional insured coverage for the Underlying Action.

40.     Based on the foregoing, HCC seeks a judgment declaring that Mega and AG are additional insureds under the ACCREDITED Policy and are entitled to additional insured coverage for the Underlying Action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment - Duty to Defend)

41.     HCC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "40" inclusive, with the same force and effect as if set forth herein.

42.     Pursuant to the terms of the ACCREDITED Policy, ACCREDITED has an obligation to defend Mega and AG against the Underlying Action.

43.    Pursuant to the terms of the ACCREDITED Policy, ACCREDITED has an obligation to defend Mega and AG against the Underlying Action on a primary and non-contributory basis.

44.    HCC timely demanded that ACCREDITED defend Mega and AG against the Underlying Action on a primary and non-contributory basis.

45.    ACCREDITED has failed to defend Mega and AG against the Underlying Action.

46.    As a result of ACCREDITED's failure to defend Mega and AG against the Underlying Action on a primary and non-contributory basis, HCC has defended and is currently defending them against the Underlying Action.

47.    HCC has incurred, and continues to incur, expenses, including attorneys' fees and other costs in connection with the defense of Mega and AG against the Underlying Action.

48.    Based on the foregoing, HCC seeks a judgment declaring that ACCREDITED is obligated to defend Mega and AG against the Underlying Action on a primary and non-contributory basis, and is obligated to reimburse HCC for expenses, including all attorneys' fees and costs incurred in connection with the defense of Mega and AG against the Underlying Action, together with interest at the statutory rate of nine-percent per year.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Declaratory Judgment - Duty to Indemnify)

49.    HCC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "48" inclusive, with the same force and effect as if set forth herein.

50.    Pursuant to the terms of the ACCREDITED Policy, ACCREDITED has an obligation to indemnify Mega and AG on a primary and non-contributory basis, for all amounts

for which the parties become legally obligated to pay as damages because of bodily injury in connection with the Underlying Action.

51.    ACCREDITED has failed to acknowledge its obligation to indemnify Mega and AG for the Underlying Action.

52.    Based on the foregoing, HCC seeks a judgment declaring that ACCREDITED is obligated to indemnify Mega and AG for the Underlying Action on a primary and non-contributory basis.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Contribution)

53.    HCC repeats and reiterates each and every allegation heretofore made in paragraphs designated "1" through "52" inclusive, with the same force and effect as if set forth herein.

54.    The ACCREDITED Policy provides primary and non-contributory coverage for Mega and AG for the Underlying Action.

55.    HCC has incurred, and continues to incur, expenses, including attorneys' fees and other costs in connection with the defense of Mega and AG against the Underlying Action.

56.    The expenses, including attorneys' fees and other costs incurred by HCC in connection with the defense of Mega and AG against the Underlying Action should have been paid exclusively by ACCREDITED.

57.    Accordingly, HCC is entitled to an award of damages, and an order from this Court directing ACCREDITED to reimburse HCC for all amounts paid by HCC for the defense of Mega and AG against the Underlying Action, together with interest at the statutory rate of nine-percent per year.

## DEMAND FOR JURY TRIAL

58.    Pursuant to Federal Rule of Civil Procedure 38, HCC hereby demands a trial by jury in the above-captioned action of all issues triable by jury.

**WHEREFORE**, Plaintiff HCC demands judgment against the defendant ACCREDITED as follows:

a.    Declaring that Mega and AG are additional insureds under the ACCREDITED Policy with respect to the Underlying Action;

b.    Declaring that ACCREDITED has a duty to defend Mega and AG against the Underlying Action on a primary and non-contributory basis;

c.    Declaring that ACCREDITED has a duty to indemnify Mega and AG for the Underlying Action on a primary and non-contributory basis;

d.    Awarding damages to HCC and against ACCREDITED for all costs and expenses incurred by HCC in the defense of Mega and AG against the Underlying Action, together with interest at the statutory rate of nine-percent per year;

e.    Awarding HCC the costs of suit incurred herein; and

f.    Awarding HCC such other and further relief as this Court deems just and proper.

Dated: New York, New York
          June 11, 2019

LONDON FISCHER LLP

By:    Daniel W. London
        William J. Edwins
        Attorneys for Plaintiff
        Houston Casualty Company
        59 Maiden Lane, 39th Floor
        New York, New York 10038
        (212) 972-1000
        LF File No.: 127.0567030

{N1483069.1 }                                11